## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

JOHN'S LONE STAR DISTRIBUTION, INC., a Texas corporation,

> Plaintiff,

v.

MUSCLEPHARM CORPORATION, a Nevada Corporation,

> Defendant.

---

## COMPLAINT

---

Plaintiff John's Lone Star Distribution, Inc. ("Lone Star"), for its Complaint against Defendant MusclePharm Corporation ("MusclePharm"), states as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1.      Lone Star is a Texas corporation with its principal place of business in Dallas, Texas.

2.      Upon information and belief, MusclePharm is a Nevada corporation with a principal place of business in Denver, Colorado.

3.      MusclePharm is doing or has done business in this judicial district.

4.      This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1).

5.      Venue with respect to MusclePharm is proper in this judicial district under 28

1

U.S.C. § 1391. In addition, the parties' Agreement provides for exclusive venue in Colorado.

<b><span style="font-variant: small-caps;">First Claim for Relief: Breach of Contract</span></b>

6.      On October 26, 2012, Lone Star and MusclePharm executed a Non-Exclusive Distributor Agreement (the "Agreement").

7.      Section 6.3 of the Agreement provides "From time to time during the Term of this Agreement MUSCLEPHARM may introduce new products that MUSCLEPHARM, in its sole discretion, authorizes for distribution and sale in the Territory. These new products will be added to Exhibit A." Exhibit A to the Agreement lists the MusclePharm products that Lone Star is authorized to sell. "Territory" is defined by the Agreement as the United States.

8.      MusclePharm has materially breached the Agreement because it has introduced new products for distribution and sale in the United States but has refused to add these new products to Exhibit A.

9.      Section 7.1 of the Agreement provides that "The pricing and discount schedule specified on Exhibit C will be the same pricing and discount schedule offered to all MUSCLEPHARM distributors." Exhibit C to the Agreement lists the prices at which Lone Star shall purchase products from MusclePharm.

10.     MusclePharm has materially breached the Agreement because, upon information and belief, MusclePharm has offered different and more favorable pricing on its products to at least one other distributor of MusclePharm products, Europa Sports Products, Inc.

11.     There exists an implied covenant of good faith and fair dealing in the Agreement under Colorado law.

12.     MusclePharm breached this implied covenant by its actions set forth above, and

2

by its refusal to negotiate in good faith concerning performance commitments as described in Section 5.1 of the Agreement.

13.     All conditions precedent to Lone Star's claims have been performed or have occurred.

14.     MusclePharm's conduct has caused Lone Star damages in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF: PROMISSORY ESTOPPEL

15.     Lone Star reincorporates and realleges each and every allegation contained in paragraphs 6 through 14, above.

16.     In the course of their dealings, MusclePharm made promises and representations to Lone Star regarding Lone Star's right to sell new products introduced by MusclePharm and regarding Lone Star's right to equal pricing with other distributors.

17.     MusclePharm's representations induced action and forbearance by Lone Star, causing damages to Lone Star.

18.     Injustice can be avoided only by enforcement of the promises.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff John's Lone Star Distribution, Inc. prays for relief against Defendant MusclePharm Corporation as follows:

A. Preliminary and permanent injunctive relief ordering MusclePharm, its officers, agents, servants, and employees, and all other persons who are in active concert or participation with MusclePharm

    1.     to sell and provide to Lone Star all products that MusclePharm has

authorized for distribution and sale in the United States;

        2.     to amend, and in the future amend, Exhibit A to the Agreement to include all products that MusclePharm has authorized for distribution and sale in the United States;

        3.     to sell all products covered by the Agreement to Lone Star with the same pricing and discount schedule offered to all MusclePharm distributors; and

        4.     to negotiate in good faith concerning performance commitments as described in Section 5.1 of the Agreement.

B.  An award of damages in an amount to be established at trial;

C.  An award of pre- and post-judgment interest, costs, and attorney fees; and

D.  Such other and further relief as the Court deems just and proper.

Dated: September 4, 2014.

                       Respectfully submitted,

                       By: s/William D. Meyer

                          William D. Meyer, No. 6562
                          Emily M. Nation, No. 43738
                          HUTCHINSON BLACK AND COOK, LLC
                          921 Walnut Street, Suite 200
                          Boulder, CO  80302
                          Telephone: 303-442-6514
                          FAX: 303-442-6593
                          E-mail: meyer@hbcboulder.com
                          nation@hbcboulder.com
                          Attorneys for Plaintiff John's Lone Star
                          Distribution, Inc.